UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:20-cv-00029-JDL<br>) |
| BETH A. HIGGINS, et al., | )<br>) |
| Defendants, and | )<br>) |
| DISCOVER BANK, et al., | )<br>) |
| Parties-in-Interest. | ) |

## ORDER TO SHOW CAUSE

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington"), brings this action against Beth A. and Edward J. Higgins ("Defendants") for foreclosure and sale; breach of note; breach of contract, money had and received; quantum meruit; and unjust enrichment (ECF No. 1). Wilmington's Complaint also joins three interested parties: Discover Bank; Midland Funding, LLC; and TD Bank USA, N.A. (collectively, "Parties-in-Interest"). None of the Defendants or Parties-in-Interest have appeared in this action, and they have all been defaulted.

On February 22, 2021, Wilmington filed a Motion for Default Judgment as to the Parties-in-Interest (ECF No. 30), and on April 2, 2021, it filed a Motion for Default Judgment as to the Defendants (ECF No. 35). However, there are two issues that

require further inquiry before the Court can address Wilmington's motions: (1) subject-matter jurisdiction, and (2) the notice required to be sent under 14 M.R.S.A. § 6111 (West 2021).

First, the Complaint does not establish that the parties are completely diverse, as required for diversity jurisdiction under 28 U.S.C.A. § 1332(a)(1) (West 2021).[1] According to the Complaint, Wilmington has its principal place of business in Delaware, and is therefore a citizen of Delaware for diversity purposes. *See* 28 U.S.C.A. § 1332(c)(1) (West 2021). Additionally, because Wilmington has brought this action in its capacity as trustee, it is Wilmington's citizenship, not the trust beneficiaries', that controls the diversity question. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980). On the other side of the equation, the Complaint alleges that two of the Parties-in-Interest—Discover Bank and TD Bank—are "located at" addresses in Delaware. ECF No. 1 ¶¶ 7, 9. However, the Complaint does not contain sufficient facts to determine the citizenship of these parties. And more to the point, if Discover Bank and TD Bank are Delaware citizens—which seems reasonable to predict, based on the information in the Complaint—then the Court may lack jurisdiction, because "[t]he permissive joinder of a nondiverse party, whether in the original complaint or afterwards, destroys complete diversity." *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124, 139 (1st Cir. 2004), *rev'd on other grounds sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also* 14

---

[1] Wilmington's Complaint does not invoke any other basis for jurisdiction, such as federal question jurisdiction.

M.R.S.A. § 6323(1) (West 2021) (providing that a foreclosure sale deed "conveys the premises free and clear of all interests of the parties in interest joined in the action").

Second, the Complaint includes a copy of the notice that was required to be sent to the Defendants. *See* 14 M.R.S.A. § 6111. The notice was mailed on October 21, 2019, at which time the mortgage was allegedly owned by Wilmington. However, the notice does not mention Wilmington at all. Instead, it states that the notice is being provided by Selene Finance LP, uses "Selene Finance" letterhead, and describes Selene Finance, apparently inaccurately, as "the mortgagee which is the owner and holder of [the] mortgage loan." ECF No. 1-9 at 3. Section 6111(1) requires that the notice be "given by the mortgagee to the mortgagor." Although this provision allows the notice to be sent by the mortgagee's agent—such as a loan servicer or attorney—rather than by the mortgagee itself, *see Wilmington Sav. Fund Soc'y, FSB v. Needham*, 2019 ME 42, ¶ 17, 204 A.3d 1277, 1282, the Complaint does not establish that Selene Finance had the necessary authority to act on Wilmington's behalf in this regard. Moreover, the Court finds it troubling that the notice contains the incorrect and potentially misleading assertion that Selene Finance "is the owner and holder of [the] mortgage loan," ECF No. 1-9 at 3, and does not provide any explanation of the actual mortgagee's identity.

Accordingly, it is **ORDERED** that Wilmington must show cause, within 21 days, why the Complaint should not be dismissed for lack of jurisdiction. It is further **ORDERED** that, in its response to this Order, Wilmington must explain how the § 6111 notice sent in this case complied with the statutory requirements.

SO ORDERED.

Dated this 13th day of April, 2021.

                                                            /s/ JON D. LEVY
                                        **CHIEF U.S. DISTRICT JUDGE**